**HYDE & SWIGART, APC**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq, (SBN: 250548)
danielshay@tcpafdcpa.com
2221 Camino Del Rio South, Suite 308
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL STEPHENS,**<br><br>Plaintiff,<br><br>v.<br><br>**TRUEACCORD CORP.,**<br><br>Defendant. | **Case No:** '19CV0977 DMS BLM<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>**(1)  THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>**(2)  THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.** |

## INTRODUCTION

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.    The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.    Paul Stephens, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge TrueAccord Corp.'s ("Defendant") actions with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff in violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal"). Cal. Civ. Code § 1788 *et. seq.*

4.    Plaintiff alleges as follows upon personal knowledge and experience. As to all other matters, Plaintiff bases his allegations on information and belief, including investigation conducted by Plaintiff's attorneys.

5. While many violations are described below with specificity, this Complaint alleges violations of statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant named.

9. All violations alleged regarding Rosenthal and the Fair Debt Collection Practices Act are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

**JURISDICTION & VENUE**

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692(k); and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendant's violations of (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); and (2) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA").

12. Because Defendant is located in and conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is

within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

**PARTIES & DEFINITIONS**

14. Plaintiff is a natural person who resides in the County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant is Delaware corporation with its headquarters located in San Francisco, California and authorized to conduct business in the State of California.

16. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

**FACTUAL ALLEGATIONS**

18. Sometime before November 12, 2018, Plaintiff allegedly incurred certain financial obligations (the "Debt") to a third party.

19. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil

Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

20.  Sometime thereafter, but before November 12, 2018, Plaintiff allegedly fell behind in the payments owed on the Debt.

21.  Subsequently, but still before November 12, 2018, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection purposes.

22.  As a result, and in an attempt to collect on the Debt, Defendant started emailing Plaintiff Plaintiff's from the email address gabriel@trueaccord.com.

23.  Plaintiff then retained the services of Daniel G. Shay, Esq.

24.  On November 12, 2018, Mr. Shay and Plaintiff sent a cease and desist letter to Defendant through electronic mail advising Defendant of Plaintiff's representation and demanding Defendant cease all communications with Plaintiff.

25.  Mr. Shay's name was included in the letter's signature. The letter further instructed Defendant to "direct all future communications with [Plaintiff] to our attention . . . , include[ing] all accounts [Plaintiff] may have with you." And demanded that "the address for any future 'billing statements' be changed to our address . . . ."

26.  Further, Plaintiff's identification including full name and social security number were included in the cease and desist letter.

27.  On November 14, 2018, Defendant responded to Mr. Shay's, acknowledging its receipt.

28.  Despite Mr. Shay and Plaintiff's unequivocal, explicit admonishment, Defendant continued to directly email Plaintiff attempting collect on the Debt.

29.  After receiving Mr. Shay and Plaintiff's cease and desist letter, Defendant emailed Plaintiff on November 13, 2018; November 16, 2018; November 20,

1  2018;  and  November  24,  2018  from  the  email  address

2  gabriel@trueaccord.com.

3  30.  Each of these emails, in relevant part, contained the following language:

4  "This is an attempt to collect a debt . . ."

5  31.  Defendant's emails were unsolicited and not in response to an inquiry from

6  Plaintiff or his attorney. Defendant's emails were not made because of

7  communication issues with Mr. Shay, such as Mr. Shay's failure to answer

8  Defendant's correspondence or to return Defendant's telephone calls.

9  Instead, Defendant's emails aimed to collect Plaintiff's Debt without any

10  permission from Mr. Shay or Plaintiff.

11  **15 U.S.C. §1692c(a)**

12  32.  Rosenthal incorporates its federal counterpart, Fair Debt Collection Practices

13  Act ("FDCPA"), through Cal. Civ. Code § 1788.17. This incorporation

14  includes 15 U.S.C. § 1692c(a)(2), which states as follows:

> Without the prior consent of the consumer given directly
> to the debt collector or the express permission of a court
> of competent jurisdiction, a debt collector may not
> communicate with a consumer in connection with the
> collection of any debt if the debt collector knows the
> consumer is represented by an attorney with respect to
> such debt and has knowledge of, or can readily ascertain,
> such attorney's name and address, unless the attorney
> fails to respond within a reasonable period of time to a
> communication from the debt collector or unless the
> attorney consents to direct communication with the
> consumer;

33.  Defendant communicated with Plaintiff, who is a consumer, in connection

with the collection of a debt after receiving express writing that Plaintiff was

represented by Mr. Shay. Mr. Shay's cease and desist email also contained

Mr. Shay's name and address.

34.  By receiving Mr. Shay's email, Defendant had knowledge of or could readily ascertain that Plaintiff was represented by Mr. Shay with regard to Plaintiff's Debt and that Defendant may not communicate with Plaintiff without Mr. Shay's consent.

35.  Also, Defendant's continued emails on November 13, 16, 20, and 24, 2018 were not intended to communicate with Plaintiff because Mr. Shay failed to communicate within a reasonable period of time. Instead, Defendant contacted Plaintiff to collect on the Debt after November 12, 2018 when Mr. Shay had already provided adequate means to be reached.

36.  Accordingly because Rosenthal incorporates the FDCPA, Defendant violated both 15 U.S.C. § 1692c(a)(2) and Cal. Civ. Code § 1788.17.

### 15 U.S.C. §1692c(c)

37.  The FDCPA through 15 U.S.C. § 1692c(c), states as follows:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

38.  Defendant communicated with Plaintiff regarding a debt, despite Mr. Shay's instruction to cease such communication. As discussed above, Mr. Shay emailed a letter that unequivocally demanded Defendant "cease and desist **all** communications" (emphasis added) with Plaintiff and "direct all future communications" with Plaintiff to Mr. Shay's attention. Nevertheless,

Defendant blatantly and defiantly disregarded Mr. Shay's demand and Plaintiff's legal rights by continued emails to Plaintiff after receiving the cease and desist letter.

39. The sole purpose of Defendant's emails were to collect on the Debt and not to advise Plaintiff that Defendant was terminating further collection efforts. Further, Defendant's calls were not a notification that Defendant may invoke a specified remedy or that Defendant intends to invoke such a remedy. For the foregoing reasons, Defendant violated §1692(c).

40. Because Rosenthal incorporates the FDCPA, Defendant violated both 15 U.S.C. § 1692c(c) and Cal. Civ. Code § 1788.17.

## Cal. Civ. Code §1788.14(c)

41. According to Cal. Civ. Code 1788.14(c), "[n]o debt collector shall collect or attempt to collect a consumer debt" by doing the following:

> Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

42. Defendant initiated communications with Plaintiff by emailing Plaintiff after receiving Mr. Shay and Plaintiff's cease and desist letter. These communications were not prompted by Plaintiff. In fact, Plaintiff affirmatively revoked his consent to receive such communications, as

1   illustrated in Mr. Shay's November 12, 2018 email. The sole purpose of
2   Defendant's emails was to collect on the Debt.

43.   Mr. Shay notified Defendant that he represented Plaintiff regarding the Debt
through a fax on September 17, 2018, asking Defendant "cease and desist all
communication" with Plaintiff. In effect, Mr. Shay notified Defendant that he
represented Plaintiff.

44.   Mr. Shay's November 12, 2018 email complied with the requirements of Cal.
Civ Code § 1788.14(c) because the email included Mr. Shay's name, address,
and a request that Defendant "direct all future communications with
[Plaintiff] to our attention . . . ."

45.   Defendant's emails were not in response to an inquiry from Plaintiff, nor
were they made because Mr. Shay failed to answer any correspondence,
return its telephone calls, or discuss the obligation in question. Through his
cease and desist letter, Mr. Shay revoked any permission Defendant
maintained to contact Plaintiff about the Debt. At no time did Mr. Shay give
permission to contact Plaintiff regarding the Debt.

46.   For the foregoing reasons, Defendant violated Cal. Civ Code § 1788.14(c)

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, et seq. (FDCPA)

47.   Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

48.   The foregoing acts and omissions constitute numerous and multiple
violations of the FDCPA.

49.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to
actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a
knowing or willful violation in the amount up to $1,000.00 pursuant to 15

U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

50. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

51. The foregoing acts and omissions constitute numerous and multiple violations of Rosenthal, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

52. As a result of each and every violation of Rosenthal, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant on behalf of Plaintiff as follows:

### FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692, *et seq*.

- An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);
- An award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants; and
- Any other relief this Court should deem just and proper.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE § 1788, *ET SEQ*.

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages in the amount of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorneys' fees under Cal. Civ. Code § 1788.30(c); and
- Any other relief this Court should deem just and proper.

### TRIAL BY JURY

53.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**Hyde & Swigart, APC**

Date: May 24, 2019                         By: *s/ Joshua B. Swigart*
                                                Joshua B. Swigart
                                                josh@westcoastlitigation.com
                                                *Attorneys for Plaintiff*